# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# OCTOBER TERM, 1880.

---

PIEDMONT AND ARLINGTON LIFE INSURANCE COMPANY *v.* E.
W. WALLIN, ADMINISTRATOR.

INSURANCE. *Foreign Company. Deposit in treasury. For whose benefit. Statute
construed.*

The fund deposited in the State treasury by a foreign insurance company, under the provisions of art. 8, chap. 55, of the Code of 1871, is intended as a
security to protect policies issued to citizens of this State by agents appointed
in the mode prescribed by that statute, and doing business in this State.
And if a citizen of this State take out a policy in such company from an
agent residing and doing business out of the State, he has no claim upon the
deposit in the treasury of this State, but is regarded as having elected to
look rather to the general assets of the company than to the special fund
here.

ERROR to the Circuit Court of Warren County.

Hon. U. M. YOUNG, Judge.

The case is stated in the opinion of the court.

*Crutcher & Shelton*, for the plaintiff in error.

It is submitted that the court erred in rendering judgment
against the fund in the hands of the treasurer of the State.
Art. 8 of chap. 55 of the Code of 1871 provides "how foreign insurance companies may do business in this State."
Sect. 2442 of said article renders it "unlawful for any agent
of any insurance company incorporated by any other State

than the State of Mississippi directly or indirectly to take risks or transact any business of insurance in this State, without first having procured a certificate from the auditor of public accounts," etc.

This is an absolute prohibition on the agents of foreign insurance companies from doing business in this State without said certificate; and in construing a statute like this, the Supreme Court of Indiana, in the case of *Rising Sun Insurance Company* v. *Slaughter*, 20 Ind. 520, held that a policy issued by a company incorporated under the laws of Pennsylvania, without complying with the laws of the State of Indiana, was absolutely void. The same doctrine was held by that court in the case of the *Union Central Life Insurance Company* v. *Thomas*, 46 Ind. 44. While we do not contend for such a construction of our statute, we do submit that the scheme and plan of art. 8 of chap. 55, Code of 1871, contemplates that the fund required by sect. 2446 of said Code shall be a fund for the payment of policies issued by and through authorized agents of the company, and that no policy not so issued can participate in the benefits of the fund. In the case of the *Firemen's Insrance Company* v. *W. L. Hemingway et al.*, in the Circuit Court of the United States for the Southern District of Mississippi, as reported in the *Weekly Clarion* of March 19, 1879, Judge Hill gives this construction to our statute, and after reviewing and citing this art. 8, chap. 55, of the Code of 1871, and amendments to the same, comes to the following conclusion : —

" Such being the case, the deposit is intended only for those who may obtain their policies through agents appointed and doing business in the State, and under the provisions of our statutes."

We submit that, in the light of these authorities, no judgment can be legally rendered against the fund, and the judgment of the Circuit Court should be reversed.

*Pittman, Pittman & Smith*, for the defendant in error.

This statute in regard to foreign insurance companies, and to the mode and manner of their transacting business in this

State, admits, in our opinion, of no such narrow construction as that contended for by the plaintiff in error.

This statute evidently intended to provide a plan for the protection of citizens of this State from bogus and insolvent companies, and to place a fund here in the State and under the jurisdiction of its courts, so that its citizens should not be compelled to go to other States and there litigate with the companies.

The cases cited by counsel from the Indiana Reports are not sustained by the decisions of any other State, and are directly in conflict with the following decisions: *Union Mutual Life Ins. Co.* v. *McMillan*, 24 Ohio St. 67; *Clark* v. *Middleton*, 19 Mo. 53; *Clay Ins. Co.* v. *Huron Lumber Co.*, 31 Mich. 346.

Sect. 2446 of the Code of 1871, which fixes the amount to be deposited by the companies, provides that " it shall not be withdrawn until *all* losses incurred on *any policy* [not on any policy issued by a duly authorized agent] of life, fire, or marine risk shall have been adjusted and paid, or adjudicated by a court of competent jurisdiction," etc.

Sect. 2450 refers to " a judgment or decree against any foreign insurance company recovered on *any policy* of insurance," etc.; not on any policy issued by a duly authorized agent, but on *any policy*.

The intention of the statute, we say, is twofold: —

1. That citizens may have some means of judging of the solvency of a company.

2. That they may have some person upon whom the parties insured in such company may serve process, and that there shall always be property of the company in this State to render available the judgments that our courts may be called on to render in such suits as may be instituted by such service.

The words of the statute are not explicit in their terms as to what claims or policies shall be entitled to participate in the fund, but, on the contrary, are general enough to cover

any claims against the company; and we submit that it is "consonant with reason and discretion" to hold that the Legislature intended that this fund should be for the protection of all its citizens; and that they could insure in whatever way they chose to do, and with any agent that was most convenient to them, and with perfect assurance that any funds of the company in the hands of the treasurer should be applied to the payment of the policy in case the company did not pay it.

CHALMERS, C. J., delivered the opinion of the court.

Plaintiff's intestate, in his lifetime a citizen of Vicksburg, insured his life in the Piedmont and Arlington Life Insurance Company, through an agent of said company residing and doing business in the city of New Orleans. The insurance company is a foreign corporation, chartered by and having its principal place of business in the State of Virginia. Previous to the issuance of the policy sued on, the corporation had appointed its local agents in this State, and complied with all the requirements of our statute with regard to foreign insurance companies desiring to do business here, including the deposit with the State treasurer of the necessary securities for the indemnification of its policy-holders. The object of this suit is, by garnishment of the State treasurer, to reach these securities and subject them to the payment of the policy taken out in New Orleans. We do not think it can be maintained.

The manifest object of art. 8 of chap. 55 of the Revised Code of 1871 seems to be to organize a scheme by which foreign insurance companies seeking to do business in this State shall appoint their local agents here in the mode prescribed by the statute, and protect the policies issued to our citizens by these agents by making with the State treasurer a deposit of securities to meet the losses on such policies.

It thus makes them *quasi* home companies as to the business done here, and it is this business and those of our citi-

zens who avail themselves of the scheme devised that are pro-
tected by the deposit.

If a citizen of the State, passing by this provision organized
for his benefit, chooses to go elsewhere and effect his in-
surance, he must be considered as electing to look rather to
the general assets of the company than to the special fund
held here for the benefit of the home business.

Sect. 1080 of the Code of 1880 in plain terms declares that
the securities deposited shall be applied to " all losses incurred
on any policy issued by said company in this State to any of
its citizens." This, we think, only makes plain what was less
clearly expressed in the Code of 1871.

Judgment reversed and attachment quashed.